NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MOHAMED N. SALEM,<br><br>Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS, et al.,<br><br>Respondents. | Civil Action No. 25-17414 (MAS)<br><br>OPINION |

SHIPP, District Judge

This matter comes before the Court on Petitioner's amended habeas petition (ECF No. 14) challenging his ongoing immigration detention. Following an order to answer, the Government filed a response to the amended petition (ECF No. 29), to which Petitioner has replied (ECF Nos. 30-31). For the following reasons, Petitioner's amended petition shall be denied.

I.    BACKGROUND

Petitioner is a nineteen-year-old native and citizen of Egypt who attempted to enter the United States near Otay Mesa, California, on October 9, 2024. (ECF No. 29-4 at 3.) Petitioner was discovered, taken into immigration custody at that time, and inspected by an immigration official who determined that Petitioner was inadmissible. (*Id.*; ECF No. 29-1 at 2.) Petitioner was therefore issued a notice and order of expedited removal that informed him of this determination. (ECF No. 29-1 at 2-3.) Petitioner was not given a final expedited removal order at that time, however, as the credible fear review process had not yet been completed. (*Id.*) After Petitioner refused to answer questions, immigration officials initially determined that he did not have a

credible fear of return to his home country. (*Id.* at 4-5; ECF No. 29-5 at 3-5.) Petitioner thereafter sought review of that determination and filed an asylum application which was terminated because his case was subject to the jurisdiction of an immigration judge. (ECF No. 29-5 at 3.) An immigration judge ultimately reviewed that determination and overruled it, finding that Petitioner did have a credible fear. (ECF No. 29-3 at 2.)

While Petitioner's credible fear process was initially pending, the Government paroled him into the United States for one year pursuant to its humanitarian parole authority under 8 U.S.C. § 1182(d)(5)(A) on October 26, 2024. (ECF No. 14 at 9; ECF No. 301 at 2.) When that one-year period expired, Petitioner was directed to report to an immigration field office for an in-person appointment and further action. (*Id.*; ECF No. 9 at 3.) Petitioner appeared for that appointment on November 5, 2025, and was arrested and taken back into custody. (ECF No. 9 at 3.) Petitioner has remained in immigration detention since that time pursuant to 8 U.S.C. § 1225(b)(1). (*See* ECF No. 29.)

## II.    <u>LEGAL STANDARD</u>

Under 28 U.S.C. § 2241(c), a federal court has jurisdiction over a habeas petition and habeas relief may be extended to a petitioner only if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

## III.    <u>DISCUSSION</u>

In this matter, Petitioner challenges his ongoing immigration detention without a bond hearing, which he asserts can only lawfully arise under 8 U.S.C. § 1226(a). The Government instead contends that he is detained pursuant to 8 U.S.C. § 1225(b)(1).

Aliens who attempt to enter the United States illegally and who are detained shortly after making an unlawful crossing of the border are "treated as an applicant for admission" and subject

to mandatory detention under § 1225(b)(1). *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139-40 (2020). As the Third Circuit has explained, "[u]nder 8 U.S.C. § 1225(b)(1) and its companion regulations, two classes of aliens are subject to [mandatory detention and] expedited removal [proceedings under § 1225(b)(1)] if an immigration officer determines they are inadmissible due to misrepresentation or lack of immigration papers: (1) aliens 'arriving in the United States[;]' and (2) aliens 'encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border.'" *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 425 (3d Cir. 2016). Aliens subject to this provision will generally be issued an expedited removal order unless they indicate to immigration officers that they have a credible fear of persecution should they be deported, in which case they are referred for further proceedings regarding that fear. *Id.* Pursuant to the statute, aliens who are taken into custody under § 1225(b)(1) are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit." *See Jennings v. Rodriguez*, 583 U.S. 281, 287-88 (2018).

In this matter, the parties agree that Petitioner was taken into custody while trying to enter the United States, and the record clearly establishes that he was determined to be inadmissible at that time and was therefore subject to expedited removal under 8 U.S.C. § 1225(b)(1) absent a showing of a credible fear of removal. Petitioner was not released from that detention outright but rather was paroled for one year under the Government's humanitarian parole authority under 8 U.S.C. § 1225(b)(1). As this Court explained in *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2-3 (D.N.J. Jan. 8, 2026),

> where an alien is granted humanitarian parole prior to a final decision on his removal proceedings, he does not cease being subject to § 1225(b)(1). As the parole statute makes clear,

3

> such parole of an alien shall not be regarded as an admission of the alien and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission.

> 8 U.S.C. § 1182(d)(5)(A).  Aliens who are paroled are thus subject to the "entry fiction" in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude. *See, e.g., Doe v. Rodriguez*, No. 17-1709, 2018 WL 620898, at *6 (D.N.J. Jan. 29, 2018); *see also Pipa-Aquise v. Bondi*, No. 25-1094, 2025 WL 2490657, at *1-2 (E.D. Va. Aug. 5, 2025).  Federal courts generally lack jurisdiction to review the exercise of discretion embodied in the Government's decisions to grant or deny parole. *See Ashish v. Att'y Gen.*, 490 F. App'x 486, 487 (3d Cir. 2013) (citing 8 U.S.C. §§ 1182(d)(5)(A) & 1252(a)(2)(B)(ii)).

The humanitarian parole statute under which Plaintiff was released thus makes it clear that, once parole was concluded, Petitioner was to "be returned to the custody from which he was paroled" and treated as "any other applicant for admission" subject to mandatory detention under § 1225(b)(1).  Petitioner is thus clearly subject to the mandatory detention status and is not entitled to a bond hearing under the statute.  Although Petitioner attempts to challenge the termination of his parole, arguing that it is arbitrary or that the Government's decision to resume detention was improper, this Court lacks jurisdiction to review the Government's decision not to extend Petitioner's period of parole and instead take him back into custody. *Ashish*, 490 F. App'x at 487; 8 U.S.C. § 1252(a)(2)(B)(ii).  Likewise, to the extent Petitioner contends that the Government did not adequately explain or notify him of the termination of parole, that argument ignores the fact that Petitioner's granted period of parole had come to a close and under the statute in that situation he was required to "return or be returned" to custody.  8 U.S.C. § 1182(d)(5)(A).  Petitioner was thus required to return to custody when his parole concluded, and the Government's returning of

4

Petitioner to custody followed naturally from the completion of the one-year parole period. As such, and as this Court has no authority to review the Government's decisions as to the granting, denial, or revocation of humanitarian parole, Petitioner's challenge to that decision serves as no basis for habeas relief.

Petitioner also asserts in his habeas petition and supporting briefing that he has been placed into a "limbo" state regarding his removal proceedings. The record demonstrates, however, that Petitioner was provided a credible fear determination, was afforded the ability to challenge that determination before an immigration judge, and, when the judge found a credible fear, he was referred for full removal proceedings. Petitioner thus has received the process due to him insomuch as he received all that the relevant statutes provide. *See Thuraissigiam*, 591 U.S. at 140 (aliens subject to § 1225 have "only those rights regarding admission that Congress has provided by statute"); *see also Jennings*, 583 U.S. at 287-88 (aliens subject to § 1225(b)(1) under the statute receive an initial inspection, are subject to expedited removal if found not to have a valid entry document or credible fear, and may face further removal proceedings if found to have a credible fear). As Petitioner's removal proceedings are ongoing, and the record has established that Petitioner is in the process of receiving all that is due him, Petitioner's assertion that he has been denied procedural due process and placed in removal limbo serves as no basis for habeas relief.

Petitioner also asserts that his detention is unlawful because he was granted Special Immigrant Juvenile ("SIJ") status at the time of his parole. That an alien has been granted SIJ status, however, "does not render an alien lawfully present in the country and thus does [not entitle] him to release, nor does it prevent the government from [seeking or] affecting his removal." *Benito Vasquez v. Moniz*, 788 F. Supp. 3d 177, 181 (D. Mass. 2025). While SIJ status does provide applicable aliens with options that they would otherwise lack in relation to their status in this country, such as the potential availability of an adjustment of status, it does not render them exempt

5

from the removal or detention provisions of the immigration laws. *See Cortez-Amador v. Att'y Gen.*, 66 F.4th 429, 433 (3d Cir. 2023). Likewise, while 8 U.S.C. § 1232, the Trafficking Victims Protection Reauthorization Act, provides certain protections to unaccompanied minors encountered at the border, nothing in the Act explicitly forecloses later detention under § 1225(b)(1) for a non-minor such as Petitioner.[1]  Petitioner thus remains subject to mandatory detention notwithstanding SIJ status.

In his final claim, Petitioner asserts that his detention under 8 U.S.C. § 1225(b)(1) has become so prolonged as to violate Due Process. While Courts in this district have historically held that aliens subjected to unduly prolonged detention under 8 U.S.C. § 1225(b) may eventually be entitled to a bond hearing, as such lengthy detention may become arbitrary and thus violate Due Process, *see, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442 (D.N.J. 2019), Petitioner at this time has only been detained for three months, far short of the sort of lengthy detention that would render the Government's use of its statutory authority so arbitrary as to amount to a violation of Due Process. *Id.*; *Yacouba T. v. Decker*, No. 18-13879, 2019 WL 1569823 (D.N.J. Apr. 10, 2019); *Alghazali v. Tsoukaris*, No. 16-9055, 2017 WL 3191513 (D.N.J. July 27, 2017) (same); *Otis V. v. Green*, No. 18-742, 2018 WL 3302997 (D.N.J. July 5, 2018); *see also German Santos v. Warden*, 965 F.3d 203 (3d Cir. 2020) (finding that prolonged detention under 8 U.S.C. § 1226(c)'s similar

---

[1] The relevant subsection, 8 U.S.C. § 1232(c)(2)(B), states that where an alien who entered as a minor and is placed into the custody of the Department of Health and Human Services "reaches 18 years of age and is transferred into the custody" of immigration officials, the Government "shall consider placement in the least restrictive setting available" including alternatives to detention where applicable. Petitioner, however, is subject to mandatory detention under § 1225(b)(1). That statute provides no alternative to mandatory detention during the pendency of removal proceedings. Thus, there is no less restrictive setting available to those in his situation other than humanitarian parole where the Government in its discretion finds such parole warranted. Petitioner was permitted to remain on parole until he was nineteen years of age, and was only then taken into custody. Given the absence of any language in the statute exempting those such as Petitioner from the clear mandatory detention requirements of § 1225(b), and the lack of any clear intent to create such an exemption, § 1232(c)(2)(B) does not provide a basis for relief to Petitioner.

mandatory detention provision can, after considering relevant circumstances, become so prolonged as to warrant a bond hearing where an alien has been detained for an extended period, such as the two-and-a-half-year period at issue for German Santos).  Petitioner has thus failed to show an entitlement to relief at this time, and his amended habeas petition is denied.

## IV.    CONCLUSION

For the reasons expressed above, Petitioner's amended habeas petition (ECF No. 14) is **DENIED**.  An order consistent with this Opinion will be entered.


s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated:** February 18, 2026